IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCIO FOREMAN,

      Plaintiff,                           No. CIV S-08-1000 WBS DAD P

    vs.

S. MOORE, et al.,

      Defendants.                ORDER

                                    /

            Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

            Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

            Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. §§ 1914(a) & 1915(b)(1). An initial partial filing fee of $18.20 will be assessed by this order. See 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to

1

the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 127 S. Ct. at 1965.  In reviewing a complaint under this standard, the court must

accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In his complaint, plaintiff has named as defendants D.V.I. Warden Moore, Correctional Counselor Guevarra, A.D.A. Coordinator Dwight, and Associate Warden Kackley.
/////

3

1        By way of background, plaintiff alleges that he is paralyzed from the waist down
2 and suffers from diabetes.  Plaintiff further alleges that, on February 9, 2008, he woke up and
3 found that he had burned his leg on the heater next to his bed.  Plaintiff notes that he saw Dr.
4 Griffin regarding the burn, and the doctor determined that plaintiff should be sent to Manteca
5 Hospital.  At Manteca Hospital, plaintiff alleges that he underwent x-rays and other tests.
6        Plaintiff alleges that, on March 17, 2008, he saw physician assistant Crawford for
7 a follow-up visit.  Crawford determined that plaintiff should see a doctor because his foot
8 condition appeared to have worsened.  Plaintiff alleges that he went to the emergency room at
9 D.V.I. the following day and received a number of urgent orders for follow-up care.  However,
10 plaintiff claims that medical personnel have taken too long to provide him with medical care,
11 including necessary lab work and burn cultures of his foot.
12       Plaintiff argues that he is not receiving proper medical care and claims that he is at
13 an increased risk for stroke, amputation, and cardiac arrest because he suffers from diabetes.  In
14 the "Relief" section of the form complaint, asking plaintiff to state briefly what he wants the
15 court to do for him, plaintiff requests, among other things, an investigation into the delays with
16 respect to his medical treatments.
17       The allegations in plaintiff's complaint are so vague and conclusory that the court
18 is unable to determine whether the current action is frivolous or fails to state a claim for relief.
19 The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).
20 Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to
21 the defendants and must allege facts that support the elements of the claim plainly and succinctly.
22 Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege
23 with at least some degree of particularity overt acts which defendants engaged in that support his
24 claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.
25 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an
26 amended complaint.

1         If plaintiff files an amended complaint, he is advised that in Estelle v. Gamble, 429 U.S. 97, 106 (1976), the Supreme Court held that inadequate medical care did not constitute cruel and unusual punishment cognizable under § 1983 unless the mistreatment rose to the level of "deliberate indifference to serious medical needs." In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).

        If plaintiff elects to proceed with this action by filing an amended complaint, he is advised that he must allege facts demonstrating how each defendant's actions rose to the level of "deliberate indifference." In this regard, plaintiff must allege in specific terms how each defendant was involved in the denial of his medical care. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

        Finally, with respect to plaintiff's request for relief, he is advised that if he files an amended complaint, he should clarify what relief he seeks. For example, if plaintiff believes he is entitled to compensatory or punitive damages, he should state the amount he seeks from the defendants. Plaintiff is cautioned, however, that the Eleventh Amendment will bar plaintiff's damages claims to the extent that they are based on acts by defendants in their official, as opposed to individual, capacities. Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989). In addition, plaintiff is advised that, because he is no longer incarcerated at D.V.I., any claim for injunctive or declaratory relief concerning that prison may be moot because he is no longer subjected to the conditions there. See Weinstein v. Bradford, 423 U.S. 147, 149 (1975); Dilley v.

1 Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995).  Finally, relief in the form of a court-ordered
2 investigation is not available to plaintiff in this civil rights action.

3       Plaintiff is informed that the court cannot refer to a prior pleading in order to
4 make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended
5 complaint be complete in itself without reference to any prior pleading.  This is because, as a
6 general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
7 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
8 longer serves any function in the case.  Therefore, in an amended complaint, as in an original
9 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

10       Also before the court is plaintiff's motion for appointment of counsel.  The United
11 States Supreme Court has ruled that district courts lack authority to require counsel to represent
12 indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298
13 (1989).  In certain exceptional circumstances, the district court may request the voluntary
14 assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017
15 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

16       The test for exceptional circumstances requires the court to evaluate the plaintiff's
17 likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in
18 light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,
19 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances
20 common to most prisoners, such as lack of legal education and limited law library access, do not
21 establish exceptional circumstances that would warrant a request for voluntary assistance of
22 counsel.  In the present case, the court does not find the required exceptional circumstances.

23       Accordingly, IT IS HEREBY ORDERED that:
24       1.  Plaintiff's June 23, 2008 application to proceed in forma pauperis is granted.
25       2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
26 Plaintiff is assessed an initial partial filing fee of $18.20.  All fees shall be collected and paid in

accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

        3. Plaintiff's complaint is dismissed.

        4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

        5. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

        6. Plaintiff's June 2, 2008 motion for appointment of counsel is denied.

DATED: July 22, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
fore1000.14